**E. I. DU PONT DE NEMOURS & COMPANY**

v.

**PHILLIPS PETROLEUM COMPANY**
**and Phillips Chemical Company.**

**Civ. A. No. 2006.**

United States District Court
D. Delaware.

Oct. 10, 1960.

See also, 24 F.R.D. 416.

**2**

———◆———

Wm. S. Megonigal, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, Del., Wm. P. Churchill, Fish, Richardson & Neave, New York City, for plaintiff.

Arthur G. Connolly, Connolly, Bove & Lodge, Wilmington, Del., Thorley Von Holst, Olson, Mecklenburger, Von Holst, Pendleton & Neuman, Chicago, Ill., for defendant.

KIRKPATRICK, District Judge.

This motion by the defendants for summary judgment of invalidity presents two major issues, first, whether an amendment allowed by the Patent Office in 1957 introduced new matter and, second, whether the patent is invalidated by the publication of a British patent in 1950—an issue which depends upon whether the patent (which resulted from a continuation in part of an application filed by the plaintiff in 1947) was a departure not supported by the disclosures of the 1947 application and, therefore, not entitled to the 1947 filing date.

It is the plaintiff's position that (1) the changes effected by the amendment and (2) the differences between the claims of the continuation in part and the original disclosure arise merely from the use of different means of identifying or describing the composition of matter originally disclosed and that, therefore, they are neither new matter nor a departure.

 The issues thus presented cannot be resolved solely by a word for word comparison and a count of the verbal differences in the documents involved. The Court must be able to arrive at an informed judgment of what was patented, i. e. the real nature and scope of the invention. If, when this is determined, it appears that the changes added nothing to what a person skilled in the art would have learned from the original application, the point made by the plaintiff could be sustained, but, in order to arrive at any intelligent judgment on this vitally important matter, the Court must have before it evidence from which it can make an evaluation of the prior art and the patent's place in its development, and ascertain the knowledge which should be attributed to a person skilled in the art, as of a much earlier date than the one on which the patent issued. This would call for the exercise by the Court of an expert knowledge in the field of polymer chemistry and its history which is far beyond the realm of judicial notice. These matters require resort to facts some of which are in dispute and others of which cannot be determined because of lack of sufficient evidence on which to make an intelligent decision.

 It goes without saying that the parties are in disagreement as to the nature and scope of the invention and I am convinced that I should not attempt to decide this case without much more evidence than is before me in the record of this motion for summary judgment.

The motion is denied.